# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ID No. 80001076DI** |
| | ) | |
| **JAPHIS LAMPKINS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## OPINION

**Submitted:** June 29, 2016
**Decided:** August 11, 2016

*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED**.
*Upon Defendant's Motion for Appointment of Counsel,* **MOOT**.
*Upon Defendant's Motion for Evidentiary Hearing,* **MOOT**.
*Upon Defendant's Motion for Transcripts and Expansion of Record,* **DENIED**.

Scott D. Goodwin, Esquire, Deputy Attorney General, Department of Justice, Carvel State Building, 820 North French Street, 7th Floor, Wilmington, Delaware 19801

Japhis Lampkins, *pro se*, SBI No. 00110196, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977

**BRADY, J.**

# I. INTRODUCTION AND PROCEDURAL HISTORY

On April 2, 1980, Mary Dugan ("Victim") was found, stabbed multiple times and suffering blunt force trauma, on the floor of her apartment. Her shopping bag, still full of groceries was in the room. The Victim died after being transported to the hospital. A neighbor gave a description of the clothing worn by a male fleeing the scene. The description matched that of an individual who had committed a robbery at another location earlier that day. Japhis Lampkins ("Defendant"), Tyrone Brookins ("Brookins"), and Thomas Butler ("Butler") were indicted for multiple charges relating to the incident. Butler entered pleas of guilty to Manslaughter and Conspiracy in the Second Degree and testified against Defendant and Brookins at trial. He stated he had committed an armed robbery in the morning with Defendant and gone with both Defendant and Brookins to commit the robbery of the Victim in the afternoon. He fled the scene when he heard a struggle and the Victim moaning. Defendant's brother's statement, recanted at trial, was admitted in evidence. The brother said Defendant and Brookins told him they had robbed and stabbed the Victim. Defendant's nephew's statement, also recanted at trial, was admitted into evidence. He said Defendant had told him he had followed an old lady home from the supermarket and robbed her. The clothing the neighbor described matched the clothing Defendant wore while committing the robbery in the morning. Defendant made a statement to police, when being questioned about robberies that had occurred in the area. In this statement Defendant admitting committing the earlier robbery, but did not admit committing the instant offense. Defendant said he had been forced, at gunpoint, several months earlier, to watch the assault of an old woman. Defendant claimed he was forced to watch others inflict the same type and nature of injuries the victim suffered, as a warning of what could

happen to him. The police had not asked him about the murder or described the Victim's injuries to the Defendant.

In 1981, following a jury trial, Defendant was convicted of Murder in the First Degree, Conspiracy in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Burglary in the Second Degree.[1] Defendant was sentenced to life imprisonment without the possibility of probation or parole for the murder charge and an additional fifteen years for the remaining offenses.[2] On direct appeal, the Delaware Supreme Court affirmed Defendant's convictions.[3]

Following Defendant's direct appeal, he applied for federal habeas corpus relief which was denied.[4] On March 31, 1988, Defendant filed his first Motion for Postconviction Relief which was denied on August 31, 1988.[5] That denial was affirmed by the Delaware Supreme Court on November 14, 1988.[6] In 2002 the Innocence Project opened an investigation.[7] According to Lisa M. Schwind, Director of the Innocence Project, investigators specifically opened the case in order to locate "a hair which microscopically tested similar to defendant."[8] The investigation, however, yielded no evidence for post-conviction testing because several boxes containing evidence from the 1981 trial were destroyed.[9] The remaining boxes did not yield evidence "suitable for testing."[10] On October 5, 2010, Defendant filed his second Motion for Postconviction Relief and on December 22, 2010, Commissioner Parker issued a Report and

---

[1] *See Lampkins v. State*, 465 A.2d 785 (Del. 1983).
[2] *Id.*
[3] *Id.*
[4] *See Lampkins v. State*, 1988 WL 137209, at *1 (Del. Nov. 14, 1988).
[5] *State v. Lampkins*, 1988 WL 97879 (Del. Super. Ct. Aug. 31, 1988).
[6] *Lampkins*, 1988 WL 137209.
[7] *State v. Lampkins*, 2007 WL 3378671, at *1 (Del. Super. Ct. May 18, 2007).
[8] *Id.* (internal citations omitted).
[9] *Id.*
[10] *Id.* (internal citations omitted).

Recommendation recommending that Defendant's Motion should be denied.[11] On April 6, 2011, the Court adopted the Commissioner's well-reasoned decision after conducting a *de novo* review of the record and denied Defendant's claims.[12] On February 22, 2012, the Delaware Supreme Court affirmed the Court's order.[13]

On March 3, 2016, Defendant filed a Motion for Recusal of Judge raising concerns that the Court may be unable to fairly determine matters before the Court because this Judge was a Deputy Attorney General at the time of trial and the incident that gave rise to the charges for which he now stands convicted and because this Judge was the Attorney General at the time that evidence in his matter held in the Prothonotary's office was destroyed.[14] On March 3, 2016, this Court held Defendant's Motion for Postconviction Relief, Motion for Appointment of Counsel, Motion for Evidentiary Hearing, and Motion for Transcripts and Expansion of Record in abeyance until the Court had ruled on his Motion for Recusal.[15] On June 29, 2016, this Court denied Defendant's Motion for Recusal.[16]

Remaining before the Court is a Motion for Postconviction Relief filed on December 11, 2015, pursuant to Superior Court Criminal Rule 61 ("Rule 61"), as well as a Motion for Appointment of Counsel, a Motion for Evidentiary Hearing, and a Motion for Transcripts and Expansion of Record. The Court addresses those matters herein.

---

[11] *State v. Lampkins*, 2010 WL 8250847 (Del. Super. Ct. Dec. 22, 2010).
[12] *See Lampkins v. State*, 2012 WL 581703 (Del. Feb. 22, 2012).
[13] *Id.*
[14] In this Motion Defendant also requested that the Court vacate a prior order denying trial transcripts.
[15] Letter from Judge Brady to Def., *State v. Lampkins*, No. 80001076DI, Docket No. 189 (April 15, 2016).
[16] Order, *State v. Lampkins*, No. 80001076DI, Docket No. 190 (June 30, 2016).

## II. DEFENDANT'S DIRECT APPEAL AND PRIOR POSTCONVICTION MOTIONS

### A. Defendant's Direct Appeal

On direct appeal, Defendant claimed the Superior Court had erred when it allowed a statement he made to police to be admitted at trial,[17] and denied a motion to sever his case from that of his co-defendant.[18] The Delaware Supreme Court rejected the claims and affirmed.[19]

### B. Defendant's First Motion for Postconviction Relief

In Defendant's first Motion for Postconviction Relief, he argued that the statement he had given police was obtained in violation of his *Miranda* rights and that his trial counsel was ineffective for failing to object to its admission at trial.[20] This Court summarily dismissed Defendant's motion because the statement had been the subject of a pre-trial suppression motion which was denied, Defendant had not raised the denial on direct appeal, and Defendant had not established cause and actual prejudice to excuse his failure to raise the claim on direct appeal.[21] The Delaware Supreme Court concluded that Defendant's motion was properly denied.[22]

### C. Defendant's Second Motion for Postconviction Relief

In Defendant's second Motion for Postconviction Relief he raised three claims: (1) that he had a due process right to a jury instruction pursuant to both 11 *Del. C.* § 271 and 11 *Del. C.* § 274; (2) that he cannot be convicted based upon the inconsistent testimony of the two state witnesses; and (3) that his constitutional due process rights were violated by the trial testimony of the FBI expert relating to hair and footprint evidence.[23] This Court denied Defendant's

---

[17] *Lampkins*, 465 A.2d 785. Defendant claimed that the statement was prejudicial and irrelevant. *See id.*
[18] *Id.*
[19] *Id.*
[20] *Lampkins*, 1988 WL 137209.
[21] *Id.*
[22] *Id.*
[23] *Lampkins*, 2010 WL 8250847.

motion as procedurally barred because it was filed more than three years after his conviction became final, the claims had been formally adjudicated, and that Defendant had waived any claims not previously raised as they were not asserted in his direct appeal or in his motion for federal habeas corpus relief.[24] The Defendant appealed and the Delaware Supreme Court affirmed.[25]

### III. DEFENDANT'S CURRENT MOTION FOR POSTCONVICTION RELIEF

In Defendant's current motion he argues that his trial counsel was ineffective for failing to conduct a "meaningful pre-trial investigation," failing to challenge and seek exclusion of Butler's testimony, for not "effectively challenging" the statement Defendant made to police, and for "not raising the issue, of the trial court[']s denial of Defendants motion to grant a severance."[26] Defendant further argues that trial counsel was ineffective for failing to "marshal the facts and develop a trial defense, jury instruction," and for failing to challenge the medical examiner's theory that the wounds indicated that the crime was committed by more than one individual.[27] Defendant argues that trial counsel was ineffective for failing to investigate "two state witnesses that offered critical and damaging testimony contradicted the other" and for failing to hire an expert witness to analyze the findings of the State's hair-fiber expert witness.[28] Defendant further argues that his appellate counsel was ineffective for failing to "ensure that accurate briefs were presented" by failing to challenge the fact that Defendant was with Brookins during the Newark morning robbery.[29] Defendant also argues that trial counsel was ineffective for failing to call witnesses, prepare him for trial, failing to question a potential conflict of

---

[24] *Id.* Although not required to do so, this Court also substantively addressed Defendant's claims. *Id.*
[25] *Lampkins*, 2012 WL 581703.
[26] Def.'s Memo. of Law in Supp. of Def.'s. Mot. Postconviction Relief, *State v. Lampkins*, No. 80001076DI , Docket No. 182, at 4-6 (Dec. 11, 2015).
[27] *Id.* at 6-7.
[28] *Id.* at 8-9.
[29] *Id.* at 9-10.

6

interest within the Attorney General's office, and for failing to file a motion for judgment of acquittal.[30] Lastly, Defendant argues that it was error for the State to destroy evidence years after he was convicted.[31]

## IV. Analysis

Before addressing the merits of Defendant's claims, the Court must determine whether any procedural bars set forth in Superior Court Criminal Rule 61(i) apply.[32] Rule 61, provides that the Court must reject a motion for postconviction relief if it is procedurally barred. That Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated.[33] Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[34] Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[35] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings is thereafter barred."[36]

If a procedural bar exists, the Court will not consider the merits of Defendant's postconviction claim unless the claim either challenges the Court's jurisdiction or it "satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d)." Subparagraph (2)(i)

---

[30] *Id.* at 10-12.
[31] *Id.* at 13-14.
[32] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[33] *See* Super. Ct. Crim. R. 61(i)(1)-(4).
[34] Super. Ct. Crim. R. 61(i)(1).
[35] Super. Ct. Crim. R. 61(i)(3).
[36] Super. Ct. Crim. R. 61(i)(4).

and (2)(ii) of subsection (d) state that the movant must plead new evidence exists that creates a strong inference that movant is actually innocent or that a new rule of constitutional law, made retroactive to cases, applies to the movant's case and renders the conviction invalid.[37]

Defendant's claims are procedurally bared under Rule 61(i)(1) because Defendant filed the instant motion more than one year after his conviction became final. In fact, Defendant's motion was filed over thirty years after his conviction was affirmed by the Delaware Supreme Court. To the extent that Defendant's current claims have already been formally adjudicated, Rule 61(i)(4) precludes this Court's reconsideration of those claims. The remainder of the claims not previously raised were waived by Defendant, pursuant to Rule 61(i)(3), because Defendant did not assert them in the either the proceedings leading to conviction, on direct appeal, or in his first, timely filed Motion for Postconviction Relief and for failing to show cause for relief and prejudice.

Defendant has not stated that new evidence exists that creates a strong inference that he is actually innocent of the crimes for which he was convicted. Indeed, the evidence overwhelmingly demonstrates that he committed those crimes. Defendant also does not allege that there is a new rule of constitutional law, made retroactive to cases on collateral review by either United States Supreme Court or Delaware Supreme Court which applies and renders his conviction invalid. Defendant has, therefore, failed to meet the exceptions to the procedural bars found in Rule 61(i). For these reasons, the Court must **SUMMARILY DISMISS** Defendant's current Motion for Postconviction Relief.

### V. DEFENDANT'S OTHER MOTIONS

The Delaware Supreme Court has previously stated that "[w]hile an indigent defendant is entitled to transcripts at State expense to pursue a direct appeal, there is no such right with

---

[37] Super. Ct. Crim. R. 61(d)(2)(i)-(ii) (2014).

respect to postconviction relief absent a showing of just cause."[38] The right of a criminal defendant to the provision of a free transcript and court documents for the purposes of post conviction relief is governed by Superior Court Criminal Rule 61(d)(4):

> [t]he judge may order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief.[39]

It is within the discretion of the judge who has examined the motion and contents of the record to determine whether to order the preparation of a transcript of any part of the proceedings.[40] If the defendant offers no factual basis and fails to clearly identify the fundamental rights that were violated, the Court will find the defendant's claim to be frivolous and deny the motion.[41]

Rule 61 does not contain a specific provision allowing defendants to receive discovery.[42] However, the Court possesses "inherent authority under Rule 61 in the exercise of its discretion to grant particularized discovery for good cause shown."[43] The Court, however, will not allow a defendant "to go on a fishing expedition through the government's files in hopes of finding some damaging evidence."[44] In order to grant a discovery request, the Court must determine whether the Defendant has presented a compelling reason for the discovery.[45]

The Court has determined that Defendant's Motion for Postconviction Relief lacks merit because it is procedurally barred. Defendant, therefore, has nothing pending before the Court

---

[38] *Williams v. State*, 2011 WL 1716446, at *1 (Del. May 4, 2011) (internal citations omitted).
[39] Super. Ct. Crim. R. 61(d)(4)
[40] *Id. See also State v. Bishop*, 2006 WL 1360936 (Del. Super. Ct. May 17, 2006).
[41] *State v. Johnson*, 1999 WL 1568387 (Del. Super. Ct. Feb. 8, 1999); *State v. Quill*, 1999 WL 1229313 (Del. Super. Ct. Oct. 18, 1999).
[42] *See* Super. Ct. Crim. R. 61.
[43] *State v. Jackson*, 2006 WL 1229684, at *2 (Del. Super. Ct. May 3, 2006).
[44] *Id.* (citing *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994)).
[45] *State v. Humbertson*, 2015 WL 5968763, at *3 (Del. Super. Ct. Oct. 9, 2015) (internal citations omitted).

which would require transcripts or other documents he requests at State expense. The Court therefore cannot grant his request.

Further, Defendant has had ample opportunity to review the proceedings leading to conviction and to have them evaluated by this Court and the Delaware Supreme Court. Defendant has previously filed a direct appeal, requested federal habeas corpus relief, and submitted two prior Motions for Postconviction Relief, which were denied by this Court, reviewed by the Delaware Supreme Court, and affirmed. Having found Defendant's current Motion for Postconviction Relief lacks merit, the Court will not exercise its discretion to provide Defendant with the documents which he requests.

## VI. CONCLUSION

For these reasons, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED** and his Motion for Transcripts and Expansion of Record is **DENIED**. Having determined Defendant's Motion for Postconviction Relief is procedurally barred, Defendant's motions for appointment of counsel and for an evidentiary hearing are **MOOT**.

**IT IS SO ORDERED.**

M. Jane Brady
Superior Court Judge